■ In the Matter of the Estate of HARLEY VAN ETTEN, Deceased. MYRTIE HEWITT et al., Respondents; LEON VAN ETTEN, Appellant. — Appeal from an order of the Surrogate's Court of Tioga County (Siedlecki, S.), entered November 10, 1983, which ordered the sale of decedent's real property pursuant to SCPA article 19.

The subject of this appeal revolves around a parcel of land known as Crine farm located in the Town of Candor, Tioga County. This parcel of property was owned by one Harley Van Etten, who died intestate on February 20, 1959. A letter of administration was duly issued for the Van Etten estate. Accordingly, Nellie Van Etten, the widow of decedent, was appointed administratrix. At the time of decedent's death, he left as distributees his wife, Nellie Van Etten, his daughters, petitioner Myrtie Hewitt and Alyce Ruttner, and his sons, Claude and Harold Van Etten, as well as son Leon Van Etten, appellant herein.

Currently, there has yet to be a distribution of Crine farm property due to disputes and controversies among decedent's distributees. Decedent's administratrix, Nellie Van Etten, died

intestate on October 9, 1975. Letters of administration were then duly issued to petitioner and Ruttner to act as administratrices of Nellie Van Etten's estate. However, on March 12, 1979, Ruttner died intestate. The First City National Bank of Binghamton was duly issued a letter of administration for Ruttner's estate. Since decedent Harley Van Etten's estate has not been disposed of, both the estates of Nellie Van Etten and Alyce Ruttner could be neither liquidated nor settled.

On June 1, 1982, Leon Van Etten made an offer to purchase Crine farm for $5,000 in cash and the discharge of any claims that he might have against other family members, as well as the unsettled estates. This offer was rejected by petitioner through her attorney. The record indicates that the offer was rejected because it was too low, and complicated by too many setoffs concerning the above-referenced discharges.

On August 24, 1982, petitioner received an offer to purchase Crine farm from Thomas and Debralyn Muscato. This offer was accepted by petitioner. The price agreed upon for the sale of the farm was $35,000.

On May 7, 1983, a third offer was made by James Van Etten, a grandson of Harley and Nellie Van Etten, who possessed no ownership interest in the farm, to purchase Crine farm for $36,000. This offer was rejected by the court in the order appealed from herein.

Additionally, however, on June 6, 1983, the Muscatos amended their original offer to purchase Crine farm, increasing said offer to $36,000. Thereafter, on June 23, 1983, petitioner filed an amended petition with Surrogate's Court requesting the court to approve the sale of the farm to the Muscatos (see SCPA art 19). After conducting a hearing, Surrogate's Court directed that Crine farm be sold to the Muscatos. This appeal by Leon Van Etten ensued.

On appeal, Leon Van Etten does not quarrel with the substance of the court's decision; rather, he contends that petitioner lacked authority, pursuant to SCPA article 19, to petition Surrogate's Court to sell the real property in question. This contention must be rejected.

SCPA 1904 (subd 1) provides that a proceeding under article 19 "may be instituted by filing of a verified petition by a fiduciary or *any person interested*" (emphasis added). Petitioner's verified petition alleges that she was an "interested party". An interested party is defined as "[a]ny person entitled either absolutely or contingently to share as beneficiary in the estate" (SCPA 103, subd 39). Under the facts presented here, petitioner

is clearly an interested party. Moreover, we note that petitioner's status as an interested party was never put in issue (see SCPA 103, subd 39). Specifically, in his answer to the petition, Leon Van Etten, *inter alia,* "admitted and agreed to" all the allegations contained in paragraph 3 of the amended petition. Paragraph 3 of said petition contained petitioner's assertion that she was an " 'interested party' in the meaning of Section 1902 [*sic*] SCPA and qualified to commence this proceeding", inasmuch as she is a distributee of Harley Van Etten. The order must, therefore, be affirmed.

Order affirmed, with costs to all parties filing briefs, payable out of the estate. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.